MANATT, PHELPS & PHILLIPS, LLP
ROBERT H. PLATT (SBN 108533)
E-mail: RPlatt@manatt.com
ADRIANNE E. MARSHACK (SBN 253682)
E-mail: AMarshack@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

Attorneys for Defendant
LAC BASKETBALL CLUB, INC.

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 1 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

LAW OFFICES OF TODD M. FRIEDMAN, PC
Todd M. Friedman, Esq. (SBN: 216752)
E-mail: tfriedman@attorneysforconsumers.com
369 South Doheny Drive, Suite 415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

Attorneys for Plaintiff
ARI FRIEDMAN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI FRIEDMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>LAC BASKETBALL CLUB, INC.,<br><br>Defendant. | No. CV13-00818 CBM (ANx)<br><br>CLASS ACTION--DISCOVERY<br><br>**STIPULATED ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS**<br><br>Honorable Consuelo B. Marshall, Courtroom 2<br><br><br>Complaint filed: November 15, 2012 |

The parties to this action, through their counsel of record, have stipulated and agreed that an order under Federal Rule of Civil Procedure 26(c) is necessary and useful to protect the confidentiality of documents and other information obtained in the course of discovery in this action, and have stipulated and agreed to be bound by the terms of this Order Governing the Designation and Handling of Confidential Materials ("Confidentiality Order").

The materials to be exchanged in the course of this litigation may contain confidential information including but not limited to trade secret or other confidential research, marketing, financial or other commercial information. The purpose of this Confidentiality Order is to protect the confidentiality of such materials during the litigation.

## DEFINITIONS

1. The term "Confidential Information" shall mean and include any information disclosed in this litigation, regardless of the medium or manner in which it is generated, stored, maintained, or produced (including, among other things, testimony, transcripts, documents and other tangible things), which is deemed by a party to this case to constitute trade secret, proprietary, or sensitive information, including but not limited to financial data, research and development information; customer and supplier information; company personnel information; marketing strategies and information; strategic business information (including but not limited to business plans, forecasts, cost information, or logistical information); and any other information that affords the producing party in this litigation an actual or potential economic advantage over others.

2. The term "Outside Counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms: Manatt, Phelps & Phillips, LLP and Law Offices of Todd M. Friedman, PC.

3. The term "Designating Party" shall mean a party that designates

information as Confidential Information.

## DESIGNATION

4. Each party to this litigation may designate information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" if, in the good faith belief of such party and its counsel, the materials fall within the Confidential Information definition herein and the disclosure of such information (including, in the case of "CONFIDENTIAL - FOR COUNSEL ONLY," disclosure to anyone other than Outside Counsel) could be prejudicial to the business or operations of such party, or would violate court orders and/or confidentiality restrictions involving parties not involved in this litigation. A Designating Party must take care to designate for protection only those part s of documents that qualify, so that other portions of documents for which protection is not warranted are not designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

5. To designate as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," the producing party must mark each page of the document with the appropriate designation before producing it. However, for documents produced by another party or a non-party, or court transcripts, or any documents produced prior to entry of this Confidentiality Order, a party can assert confidentiality through correspondence to all other parties that specifically identifies each document that will receive a confidentiality designation.

6. Deposition testimony and/or deposition exhibits shall be designated on the record during the deposition whenever possible. A party may also designate such testimony and exhibits after transcription of the proceedings; a party shall have until twenty (20) days after receipt of the deposition transcript to inform the other party or parties of the portions of the transcript so designated.

7. The disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed,

any person other than the deponent, Outside Counsel (including their staff and associates), the court reporter, the videographer, and the person(s) agreed upon pursuant to paragraph 10 below.

8. Designation of Confidential Information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall extend to all copies, excerpts, data, summaries, and compilations derived from such Confidential Information, as well as any testimony, conversations, or presentations by the parties hereto or their counsel that discloses such Confidential Information.

9. If a party, through inadvertence, produces any Confidential Information without designating it in accordance with this Confidentiality Order, the designating party may give written notice to the receiving party[ies] that the information produced is deemed "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" and should be treated in accordance with that designation under this Confidentiality Order. Upon receipt of such notice, the receiving party must treat the Confidential Information as designated hereunder. If the receiving party has already in good faith disclosed the information before receiving such notice, the receiving party shall have no liability for such good faith disclosure, but shall notify the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

## ACCESS AND USE OF PROTECTED MATERIAL

10. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and shall be used solely in connection with this litigation, and not for any other purpose, including any business or competitive purpose or function.

11. Information designated "CONFIDENTIAL - FOR COUNSEL ONLY"

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

STIPULATED ORDER GOVERNING
CONFIDENTIAL MATERIALS

shall be viewed only by (a) Outside Counsel; (b) in-house counsel; (c) outside experts or consultants retained for purposes of this litigation, in accordance with the provisions of paragraph 12; (d) court reporters and videographers in connection with transcribing or recording a deposition or hearing; (e) the Court and its personnel; and (f) the jury.

12.  Information designated "CONFIDENTIAL" shall be viewed only by those persons designated in paragraph 11 above, and by the parties (or employees thereof), provided each such party or employee of a party has read this Confidentiality Order in advance of disclosure and has agreed in writing, by executing an Acknowledgment in the form attached hereto as Exhibit "A," to be bound by its terms.

13.  The right of any expert or consultant to receive any information designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall be conditioned on the expert's prior execution of an Acknowledgment in the form attached hereto as Exhibit "A." Notwithstanding the foregoing, any expert or consultant who works for a competitor of the producing party may not receive Confidential Information of that party.

14.  Nothing herein shall prohibit a party, or its counsel, from disclosing a document designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" to any person indicated on the face of the document to be its originator, author or recipient.

15.  Each person receiving Confidential Information designated hereunder shall maintain it in a manner which ensures that access is limited to persons entitled to receive it under this Confidentiality Order. If such Confidential Information is disclosed to any person other than a person authorized by this Confidentiality Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make

every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

## CHALLENGING DESIGNATION

16. At any stage of these proceedings, any party may object to a designation of information as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY." The party objecting to confidentiality shall notify counsel for the designating party in writing of the objected-to materials and the grounds for the objection. The parties shall first make a good faith effort to resolve the objection informally. If the dispute is not resolved within ten (10) business days of receipt of such a notice of objections, the objecting party may file a motion with the Court. Until the Court rules on the motion (or the matter is resolved between the parties), the materials at issue shall be treated as Confidential Information as designated by the designating party.

## FILING UNDER SEAL

17. Any party seeking to file with the Court any documents or other evidentiary material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" shall seek permission of the Court to file such documents or other material under seal in accordance with Local Rule 79-5.1. A motion to file under seal shall be served on all parties, and the documents or other materials in question shall be lodged with the Court conditionally under seal.

## ADDITIONAL PROVISIONS

18. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds permitted by the Federal Rules of Civil Procedure, including that the material is protected as attorney-client privileged or attorney work product.

19. Nothing herein shall be construed to prevent disclosure of Confidential Information designated hereunder if such disclosure is required by law or by order of the Court. In the event that such disclosure is required, the party or other person

who is obligated to disclose shall promptly upon receipt of the order or other process requiring the disclosure notify the party who designated the Confidential Information.

20. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries thereof, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Confidentiality Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed or returned, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Confidentiality Order with respect to all such retained information.

21. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) is already public knowledge; (c) has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Confidentiality Order; or (d) has come or shall come into the receiving party's knowledge lawfully and independently of the production by the designating party.

22. All provisions of this Confidentiality Order shall survive the conclusion of this action, and shall continue to be binding after the conclusion of this action unless subsequently modified by agreement of the parties or further order of this Court. For the purposes of enforcing this Confidentiality Order and resolving any disputes thereunder, the Court retains jurisdiction over the parties and

all persons provided access to Confidential Information under the terms of this Confidentiality Order.

23. All persons bound by this Confidentiality Order are hereby notified that if this Confidentiality Order is violated in any manner, all persons and entities who commit such violations are subject to any and all monetary and other sanctions as the Court, after a hearing, deems to be just.

24. The Court may modify the terms and conditions of this Confidentiality Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. Additionally, this Confidentiality Order may be modified by agreement of the parties, subject to approval by the Court.

25. The terms and provisions of this Confidentiality Order, and designation of any Confidential Information hereunder, shall also apply to and bind any party who appears in this action subsequent to the entry of this Confidentiality Order.

26. The terms and provisions of this Confidentiality Order shall be binding on the parties as a confidentiality agreement regardless of whether the Court ultimately enters it as an Order.

IT IS SO STIPULATED.

| | | |
|---|---|---|
| 1 | Dated: August 13, 2013 | MANATT, PHELPS & PHILLIPS, LLP<br>Robert H. Platt<br>Adrianne E. Marshack |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Adrianne E. Marshack |
| 5 | | Adrianne E. Marshack<br>Attorneys for Defendant<br>LAC BASKETBALL CLUB, INC. |
| 6 | | |
| 7 | Date: August 13, 2013 | LAW OFFICES OF TODD M.<br>FRIEDMAN, P.C. |
| 8 | | |
| 9 | | By: /s/ Todd M. Friedman |
| 10 | | Todd M. Friedman<br>Attorneys for Plaintiff<br>ARI FRIEDMAN |
| 11 | | |

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Filing Administrative Polices and Procedures Manual, I hereby certify that the content of this document is acceptable to Todd M. Friedman, Esq., counsel for Plaintiff, and that I have obtained Mr. Friedman's authorization to affix his electronic signature to this document.

| | | |
|---|---|---|
| 19 | Dated: August 7, 2013 | MANATT, PHELPS & PHILLIPS, LLP<br>Robert H. Platt<br>Adrianne E. Marshack |
| 20 | | |
| 21 | | |
| 22 | | By: /s/ Adrianne E. Marshack |
| 23 | | Adrianne E. Marshack<br>Attorneys for Defendant<br>LAC BASKETBALL CLUB, INC. |

**ORDER**

For good cause shown, the Court GRANTS the parties' Stipulated Order Governing the Designation and Handling of Confidential Materials.

IT IS SO ORDERED.

Dated: August 13, 2013

_____
The Honorable Arthur Nakazato
United States Magistrate Judge

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

9

STIPULATED ORDER GOVERNING
CONFIDENTIAL MATERIALS

## EXHIBIT A

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARI FRIEDMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>LAC BASKETBALL CLUB, INC.,<br><br>Defendant. | No. CV13-00818 CBM (ANx)<br><br>**AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER** |

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read and understood the Order Governing the Designation and Handling of Confidential Materials ("Confidentiality Order") entered in the above-entitled cases, and have received a copy of the Confidentiality Order.

3. I promise that I will use any and all "Confidential" or "Confidential - For Counsel Only" information, as defined in the Confidentiality Order, given to me only in a manner authorized by the Confidentiality Order, and only to assist Outside Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" or "Confidential - For Counsel Only" information with anyone other than the persons with whom I am permitted to discuss such information, as designated, under the terms of the Confidentiality Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Central District of California, and all courts in which appeals may be filed in these actions, with respect to enforcement of the Confidentiality Order.

6. I understand that any disclosure or use of "Confidential" or "Confidential - For Counsel Only" information in any manner contrary to the provisions of the Confidentiality Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: _____                    _____

309836658