1
2
3
4
5
6
7
8                         UNITED STATES DISTRICT COURT

9                        CENTRAL DISTRICT OF CALIFORNIA

10

11   ARI FRIEDMAN, INDIVIDUALLY          No.  CV13-00818 CBM (ANx)
     AND ON BEHALF OF ALL OTHERS
12   SIMILARLY SITUATED,                 CLASS ACTION

13                  Plaintiff,           [PROPOSED] ORDER GRANTING
                                         PRELIMINARY APPROVAL OF
14        vs.                            CLASS ACTION SETTLEMENT

15   LAC BASKETBALL CLUB, INC.,          Honorable Consuelo B. Marshall,
                                         Courtroom 2
16                  Defendant.
                                          Complaint Filed: February 6, 2013
17

18

19        This matter having come before the Court on the Joint Motion for

20   Preliminary Approval of a proposed class action settlement of the above-captioned

21   action (the "Action") of Plaintiff Ari Friedman ("Friedman") and LAC Basketball

22   Club, Inc. ("LAC" or "Defendant") (Plaintiff and Defendant shall collectively be

23   referred to as the "Parties"), set forth in the Settlement Agreement between

24   Plaintiff and Defendant (the "Settlement Agreement"), and the Court having duly

25   considered the papers and arguments of counsel, the Court hereby finds as follows:

26        1.    Unless defined herein, all defined terms in this Order shall have the

27   respective meanings ascribed to the same terms in the Settlement Agreement.

28        2.    The Court has conducted a preliminary evaluation of the Settlement

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that (i) there is good cause to believe that the Settlement is fair, reasonable, and adequate; (ii) the Settlement has been negotiated at arm's length between experienced attorneys familiar with the legal and factual issues of this case; (iii) the Settlement appears to be free of collusion among the Parties or any other indicia of unfairness; (iv) the Settlement is within the range of possible final judicial approval sufficient to warrant sending notice to Settlement Class Members; and (v) the Settlement is in the best interest of the Settlement Class.  Therefore, the Court grants preliminary approval of the Settlement.

3.      Pursuant to Federal Rule of Civil Procedure 23(b)(3), and for settlement purposes only, the Court conditionally certifies the proposed Settlement Class, consisting of:

> All persons within the United States who received an unsolicited text message from LAC, which text message was not made for emergency purposes or with the recipient's prior express consent between February 6, 2009 and the date on which this Order is signed.

4.      For settlement purposes only, the Court hereby preliminarily approves the appointment of Ari Friedman as Class Representative.

5.      For settlement purposes only, the Court preliminarily approves the appointment of the following as Class Counsel:

> Todd M. Friedman, Esq.
> Nicholas J. Bontrager, Esq.
> Law Offices of Todd M. Friedman, P.C.
> 369 S. Doheny Dr., #415
> Beverly Hills, CA 90211

6.      On June 30, 2014 at 2:30pm, or at such other date and time later set by Court Order, this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether (a)

MANATT, PHELPS & PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

CV13-00818— ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

final approval of the Settlement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and an incentive award to Plaintiff, should be granted, and in what amount.  Any motion for attorney's fees or costs should be made in accordance with the Local Rules.  The parties must also file papers in support of final settlement approval and in response to any objections in accordance with the Local Rules.

7.     Pursuant to the Settlement Agreement, Kurtzman Carson Consultants, LLC is hereby appointed as Settlement Administrator and shall be required to perform all the duties of the Settlement Administrator as set forth in the Settlement Agreement and this Order.  To aid in the efficient submission of claims, the Settlement Agreement provides for claimants to submit claims on-line without the need for a manual signature.  However, by submitting an on-line claim form, such claimants shall be bound to the same extent as if they had used a manual signature.

8.     The Court approves the proposed plan for giving notice to the Settlement Class by: (1) sending post-card notice via United States mail to Settlement Class Members for whom the Parties were able to obtain addresses through a "reverse look-up" procedure based upon their cellular telephone number; (2) publication in *USA Today*, and (3) establishing a settlement website, as more fully described in the Settlement Agreement.  The plan for giving notice, in form, method, and content, fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled thereto.  The Court hereby directs the Parties and Settlement Administrator to complete all aspects of the notice plan no later than twenty-one (21) days after the date of this Order.  With respect to publication notice, within this twenty-one day period, the Settlement Administrator must arrange for publication pursuant to the terms of the Settlement Agreement for the soonest available issue dates.

9.     Any person who meets the definition of Settlement Class Member

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

2

CV13-00818— ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

and who wishes to exclude himself/herself as a Settlement Class Member must submit his/her request for exclusion in writing, identifying the case name *Friedman v. LAC Basketball Club, Inc., et al.,* No. 13-cv-00818, and state the name, address, and telephone number of the Settlement Class Member seeking exclusion. Each request must also contain a signed statement that: "I hereby request to be excluded from the proposed Settlement Class in the case *Friedman v. LAC Basketball Club, Inc., et al.,* No. 13-cv-00818," or similar words to this effect. The request may be submitted through the any of the same available means provided to a Settlement Class Member who wishes to file a Claim pursuant to the Settlement Agreement, including but not limited to online. Any such request for exclusion as a Settlement Class Member must be submitted to the Settlement Administrator no later than June 11, 2014. A request for exclusion that does not include all of the foregoing information, or that is not received within the time specified, shall be invalid and the person submitting such a request shall be deemed a member of the Settlement Class, and shall be bound as a Settlement Class Member by the Settlement. The Settlement Administrator shall promptly forward copies of all requests for exclusion to Class Counsel and counsel for Defendant.

10.    Any Settlement Class Member may comment in support of or in opposition to the Settlement; any such comment may be submitted through the any of the same available means provided to a Settlement Class Member who wishes to file a Claim pursuant to the Settlement Agreement, including but not limited to online. A Settlement Class Member who objects to the settlement may appear at the Fairness Hearing (either on his or her own behalf or through counsel). Nevertheless, the Court reserves the right to require that any Settlement Class Member who objects to the Settlement appear at the Fairness Hearing (either on his or her own behalf or through counsel). All arguments, papers, briefs, and any evidence that any objector would like the Court to consider must be filed with the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

3

CV13-00818— ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

1   Court, with a copy postmarked to Class Counsel and Defendant's counsel, no later

2   than June 11, 2014.  All objections shall include the caption *Friedman v. LAC*

3   *Basketball Club, Inc., et al.,* No. 13-cv-00818, and provide: (a) the Settlement

4   Class Member's full name and current address; (b) a signed statement under oath

5   that he or she is a Settlement Class Member; (c) the specific grounds for the

6   objection; and (d) all documents or writings that such Settlement Class Member

7   desires the Court to consider; and (e) if the Settlement Class Member plans on

8   attending the Fairness Hearing, a notice of intention to appear.  If the Settlement

9   Class Member intends to appear at the Fairness Hearing through counsel, the

10  attorney shall file an entry of appearance with this Court, and deliver the entry of

11  appearance to Class Counsel and counsel for Defendant.

12          11.     Any Settlement Class Member who fails to object in the manner

13  prescribed herein shall be deemed to have waived his or her objections and forever

14  be barred from making any such objections in this Action or in any other action or

15  proceeding.  While the declaration described in subparagraph 10(b) is *prima facie*

16  evidence that the objector is a Settlement Class Member, Plaintiff or Defendant or

17  both may take discovery regarding the matter, subject to Court approval.  If a

18  Settlement Class Member does not submit a written comment on the proposed

19  Settlement or the application of Class Counsel for attorneys' fees and expenses or

20  the application of Class Representative for an incentive award in accordance with

21  the deadline and procedure set forth in the Class Notice, and the Settlement Class

22  Member is not granted relief from such failure by the Court, the Settlement Class

23  Member will waive his or her right to be heard at the Fairness Hearing.

24          12.     Settlement Class Members are preliminarily enjoined from filing,

25  commencing, prosecuting, intervening in, participating in, maintaining as class

26  members or otherwise, directly or indirectly through a representative or otherwise,

27  or receiving any benefits from, any lawsuit, administrative or regulatory

28  proceeding or order in any jurisdiction, asserting any claims released by the

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

CV13-00818— ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

Settlement Agreement.  In addition, all persons are preliminarily enjoined from filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Settlement Class Members, or asserting any claims released by the Settlement Agreement.  Nothing herein shall require any Settlement Class Member to take any affirmative action with regard to other pending class action litigation in which he or she may be an absent class member.

13.     The Settlement Agreement, and the proceedings and statements made pursuant to the Settlement Agreement or papers filed relating to the approval of the Settlement Agreement, and this Order, are not and shall not in any event be construed as, offered in evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or an admission of any kind by any of the Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been, could have been, or in the future might be asserted in the Action, any other litigation, court of law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of the Parties. Defendant has denied and continues to deny the claims asserted by Plaintiff. Nothing contained herein shall be construed to prevent a Party from offering the Settlement Agreement into evidence for the purposes of enforcement of the Settlement Agreement.

14.     The certification of the Settlement Class shall be binding only with respect to the settlement of this Action.  In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other Court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified

1   (including Defendant's right to oppose any subsequent motion for class

2   certification), and no reference to the Settlement Class, the Settlement Agreement,

3   or any documents, communications, or negotiations related in any way thereto

4   shall be made for any purpose.

5        **IT IS SO ORDERED.**

6

7   Date: April 29, 2014

8                                                   Honorable Consuelo B. Marshall
                                                      United States District Judge

9

10  311269005

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

CV13-00818— ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT